United States District Court
Southern District of Texas
**ENTERED**
August 25, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. PETERS, TDCJ #2019190, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2044 |
| STATE OF TEXAS, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael G. Peters (TDCJ #2019190; former Montgomery County Inmate #551534) is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Peters has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that the State of Texas and other defendants have violated his rights while attempting to take property that he owns in a state court proceeding for non-payment of taxes. Peters has also filed a Motion to Freeze Assets Pending Court's Adjudication (Docket Entry No. 7), which appears to seek a preliminary injunction or temporary restraining order against the defendants. After considering all of the pleadings, the court will dismiss this action for the reasons explained below.

## I. Background

Peters is presently serving a 35-year prison sentence that he received in 2015, when a jury in the 221st District Court of Montgomery County, Texas, found him guilty of retaliation. See Peters v. State, Nos. 09-15-00166-CR & 09-15-00167-CR, 2016 WL 3136114 (Tex. App. — Beaumont June 1, 2016, pet. ref'd) (affirming the conviction). He remains incarcerated at the Stringfellow Unit in Rosharon.[1]

Peters has now filed this civil action under 42 U.S.C. § 1983 against the State of Texas, the City of Houston, and the law firm of Linebarger Goggan Blair & Sampson LLP ("Linebarger"), alleging a conspiracy to "steal" property that belongs to him for failure to pay back taxes.[2] Peters references a residence located at 1309 E. 36th St., Houston, TX 77022, which is currently subject to an action for delinquent property taxes in the 164th District Court for Harris County, Texas, by Harris County and the City of Houston, which is represented by the Linebarger firm.[3] Peters appears to claim that he has an interest in the home located at this address, whose owners are now deceased, and that the property is being

---

[1]Complaint, Docket Entry No. 1, p. 3. For purposes of identification all page numbers refer to the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Id.

[3]Id. at 6.

wrongfully taken or stolen as part of a conspiracy by the State of Texas, which has resulted in his wrongful imprisonment.[4]

Public records clarify that Peters is named as a party in a suit filed by Harris County and the City of Houston to collect delinquent ad valorem taxes under § 33.41 of the Texas Tax Code in Civil No. 2019-22558 in the 164th District Court for Harris County, Texas.[5] Alleging that the defendants are attempting to take his property in violation of his right to Due Process, Peters seeks a court order directing the defendants to allow him to pay the back taxes owed on the property or, alternatively, he seeks damages in the amount of $1,500,000.00 from the defendants for "their theft of his home[.]"

## II. Discussion

Because Peters is seeking to enjoin a state court action for the collection of delinquent taxes, this suit is barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. The TIA states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of

---

[4]Id. at 5; Motion to Freeze Assets, Docket Entry No. 7, pp. 1-7.

[5]See Docket Sheet and Original Petition in Cause No. 2019-22558, available from the Office of the Harris County District Clerk website located at: http://www.hcdistrictclerk.com (last visited August 25, 2020).

such State." Id. The TIA also applies to taxes "imposed by municipalities." Home Builder's Ass'n v. City of Madison, 143 F.3d 1006, 1010 n.6 (5th Cir. 1998).

The Fifth Circuit has observed that "the [TIA] is 'a broad jurisdictional impediment to federal court interference with the administration of state tax systems.'" Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP, 338 F.3d 442, 444 (5th Cir. 2003) (quoting United Gas Pipe Line Co. v. Whitman, 595 F.2d 323, 326 (5th Cir. 1979)). Accordingly, "the TIA is not limited to suits directly challenging 'taxes only,' but also extends to 'the broader activities of assessing, levying, and collecting taxes.'" Hammonds v. Dallas County, — F. App'x —, 2020 WL 4640313, at *1 (5th Cir. Aug. 11, 2020) (per curiam) (quoting Washington, 338 F.3d at 444) (citation omitted)).

The Fifth Circuit has recognized that an action to collect delinquent property taxes by a county and other local taxing authorities is an authorized practice for tax collection under § 33.41 of the Texas Tax Code. See Hammonds, 2020 WL 4640313, at *1. Texas provides a remedy to address claims such as those raised by Peters. See id. (citing Washington, 338 F.3d at 444; McQueen v. Bullock, 907 F.2d 1544, 1550 (5th Cir. 1990) (noting that "Texas has a vast arsenal to assure orderly adjudication of serious federal constitutional questions (cleaned up)"); Dawson v. Childs, 665 F.2d 705, 710 (5th Cir. Unit A 1982) (Texas state courts

provided adequate remedy in action to enjoin state tax lien); Clark v. Andrews Cty. Appraisal Dist., 76 F. App'x 525, 526 (5th Cir. 2003) (Fifth and Fourteenth Amendment challenges against county taxing authorities could be adequately adjudicated in Texas state court)). Because the Complaint is barred by the TIA, the court must dismiss this lawsuit for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action).

### III.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 filed by Michael Geoffrey Peters (Docket Entry No. 1) is **DISMISSED without prejudice.**

2. The Motion to Freeze Assets filed by Peters (Docket Entry No 7) is also **DENIED.**

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.

**SIGNED** at Houston, Texas, on this 25th day of August 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE